

# The Attorney General of Texas

May 19, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Vernon M. Arrell
Commissioner
Texas Rehabilitation Commission
118 East Riverside Drive
Austin, Texas    78704

Opinion No. JM-491

Re: Whether a state agency may require its employees to take compensatory time in lieu of overtime pay

Dear Mr. Arrell:

You ask whether a conflict exists between the provisions of section 2f(1) of article V of the current General Appropriations Act, Acts 1985, 69th Leg., ch. 980, at 7759, and the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (hereinafter FLSA). You wish to know whether a state agency may allow or require an employee to take compensatory time off for overtime instead of paying overtime compensation.

Section 2f(1) provides, in part:

> f. OVERTIME. (1) Employees Subject to FLSA. An employee who is subject to the overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. Secs. 201 et seq., (FLSA) is entitled to compensation for overtime as provided by this subdivision.
>
> An employee who is required to work hours in excess of 40 hours in a workweek is entitled to compensation for the excess hours either by:
>
> (A) the agency allowing (or requiring) the employee to take compensatory time off during the same pay period, at the rate of 1½ hours off for each hour of overtime; or
>
> (B) at the discretion of the employing agency, in cases in which granting compensatory time off is impractical, the employee receiving pay for the overtime at the rate equal to 1½ times the employee's regular rate of pay. (Emphasis added).

The FLSA was amended recently to specify that a public employer may provide an employee with time off, at a rate of 1½ hours of time off for each hour of overtime, in lieu of overtime pay under certain circumstances.  See Fair Labor Standards Amendments of 1985, Pub. L. 99-150, §2(a)(1), ____ Stat. ____ (1985).  These amendments took effect April 15, 1986.  Id.  The 1985 amendments also affected the applicability of section 2f(1)(A) with regard to the time period during which time off must be taken.  Attorney General Opinion JM-475 (1986).  Opinion JM-475 addressed how the 1985 amendments to the FLSA affected sections 2f(1) and 2f(4) of the current appropriations act.  Section 2f(4) is a "contingency provision," contingent upon amendments to the FLSA.  Section 2f(4) allows overtime time off to be taken during the 12-month period after the week in which the overtime accrued.  Opinion JM-475 concluded that state agencies may allow or require an employee to take time off, at a rate of 1½ hours for each hour of overtime, during the 12-month period following the end of the workweek for overtime incurred on or after April 15, 1986.  Accordingly, your question with regard to policy and practice after April 15 is answered in Opinion JM-475.

You are also concerned with potential liability for overtime policy and practice in effect prior to April 15.  A state agency's practice of allowing or requiring an employee to take time off in lieu of overtime pay, pursuant to section 2f(1), prior to April 15 does not conflict with the FLSA.  As it was applicable prior to April 15, section 2f(1) authorized a state agency to allow or require its employees "to take compensatory time off during the same pay period, at a rate of 1½ hours off for each hour of overtime."  As indicated, Opinion JM-475 determined that, because of the legislative intent expressed in section 2f(4) and because of the 1985 amendments to the FLSA, compensatory time off for overtime incurred after April 15 need not be limited to the same pay period.

The "same pay period" requirement was initially included by the Texas Legislature only in an effort to comply with the FLSA as required by the United States Supreme Court in Garcia v. San Antonio Metropolitan Transit Authority, 105, S. Ct. 1005, ____ U.S. ____ (1985).  See Opinion JM-475.  Court interpretations of the version of the FLSA in effect when Garcia was decided indicated that the act allowed compensatory time off in lieu of payment only if time off was granted during the same pay period.  See Dunlop v. New Jersey, 522 F.2d 504, 511 (3d Cir. 1975), vacated and remanded on other grounds for consideration of National League of Cities sub nom New Jersey v. Usery, 427 U.S. 909 (1976); Attorney General Opinion H-382 (1974).  Accordingly, the practice of allowing or requiring an employee to take compensatory time off for overtime worked in lieu of paying overtime compensation under certain circumstances is not inconsistent with the FLSA either as it existed prior to April 15 or as amended.  See also

Pub. L. 99-150, §2(c) (limitation of liability of states and political subdivisions for actions prior to April 15, 1986).

## S U M M A R Y

A state agency's practice of allowing or requiring an employee to take compensatory time off for overtime in lieu of paying overtime compensation under certain circumstances is not inconsistent with the FLSA as it existed prior to April 15 or as amended.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General